IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

_____

(1)JANE DOE, a minor child,
By and through her Father and
Next friend, John Doe,

                            Plaintiff,                    Hon. _____

                                                          No. _____

v.

(1)PONCA CITY INDEPENDENT SCHOOL
DISTRICT 1-71A/K/A PONCA CITY PULBLIC SCHOOL,
(2)SHELLY ARROTT, Superintendent,
in her Official and Individual Capacity;
(3)JENNIFER DYE, Assistant principal,
in her Official and Individual Capacities;
(4)TRENTON MURNER, Principal, in his
Official Capacity, (5)BRET SMITH, Title IX Coordinator,
in his Official and Individual Capacities,

                            Defendants,

_____

Paige Lee

Paige Lee Attorney at Law

204 E. Grand

Ponca City, OK  74601

Ph.:  580/762-5553

FAX:  580/762-2271

**<u>COMPLAINT AND JURY DEMAND</u>**

*This cause of action arises from Defendants' deliberately indifferent acts in putting Plaintiff in a setting where Defendants knew of the history of sex-based harassment and of defendant's response to a student on student rape outside of school and subsequent sex-based harassment. Defendants' failure to promptly and appropriately investigate and respond to the rape subjected Plaintiff to further sexual harassment and a hostile environment, effectively denying her access to educational opportunities.  This action alleges violations of Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution.*

Plaintiff, JANE DOE, by and through her attorney, Paige Lee, Lee Law Office, hereby files

the following complaint against Defendants as captioned above.

## I. JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §

    1331, which gives district courts jurisdiction over all civil actions arising under

    the Constitution, laws, and treaties of the United States.

2.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343,

    which gives district courts original  jurisdiction over (a) any civil action authorized

    by law to be brought by any person to redress the deprivation, under color of

    any State Law, statute, ordinance, regulation, custom or usage, of any right ,

    privilege or immunity secured by the Constitution of the United States or by any

    Act of Congress providing for equal rights of citizens or of all persons within the

    jurisdiction of the United States; and (b) any civil action to recover damages or to

    secure equitable relief under any Act of Congress providing for the protection of

    the civil rights.

3.  Plaintiff brings this action to redress a hostile educational environment pursuant

    to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more

    fully set forth herein.

4.  This is also an action to redress the deprivation of Plaintiff's constitutional rights

    under the Fourteenth Amendment of the United States Constitution pursuant to

    42 U.S.C. § 1983

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all defendants reside or resided in this district.

## II. THE PARTIES

6. Plaintiff is female and was at all relevant times herein, a minor.

7. At all material times Plaintiff was a resident of the County of Kay, State of Oklahoma.

8. At the time of events complained of herein, Plaintiff was a student attending a middle school within the Defendant PONCA CITY SCHOOL DISTRICT ("the School District").

9. The Defendant School District is a public educational institution located in the County of Kay, State of Oklahoma.

10. At all material times, TRENTON MURNER, ("Principal"), in his official and individual capacities, worked within the County of Kay, State of Oklahoma.

11. At all material times, JENNIFER DYE, ("Assistant Principal"), in her official and individual capacities, worked within the County of Kay, State of Oklahoma.

12. At all material times, Defendant SHELLY ARROTT ("the Superintendent"), in her official and individual capacities, worked within the County of Kay, State of Oklahoma.

13. During all material times, SHELLY ARROTT, the Superintendent was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course, and authority of her employment and her employer.

14. At all material times, TRENTON MURNER, ("the Principal"), in his official capacity, worked within the County of Kay, State of Oklahoma.

15. At all material times, JENNIFER DYE, ("Assistant Superintendent"), in her official capacity, worked within the County of Kay, State of Oklahoma.

16. During all material times, the Principal was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course, and authority of his employment and his employer.

17. During all material times, the Assistant Principal was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course, and authority of her employment and her employer.

18. At all material times, Defendant BRET SMITH, ("the Title IX Coordinator"), in his official and individual capacities, worked within the County of Kay, State of Oklahoma.

19. At all material times the Title IX Coordinator was an agent and/or employee of Defendant School District, acting or failing to act within the scope, course, and authority of his employment and his employer.

### III.  APPLICABLE LAW AND POLICY

20. Title IX of the Education Amendments of 1972 ('Title IX"), 20 U.S.C.  § 1681 (a), states that

> No person in the United States shall, on the basis of sex, be
>
> excluded from participation in, be denied the benefit of, or be subjected

to discrimination under any education program or activity receiving

Federal financial assistance………

21. Title IX is implemented through the Code of Federal Regulations.  See 34 C.F.R.

Part 106.

22. 34 C.F.R. § 106.8(b) provides:

…….A recipient shall adopt and publish grievance procedures providing

for prompt and equitable resolution of student and employee complaints

alleging any action which would be prohibited by this part.

23. In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the

United States Supreme Court recognized that a recipient of federal educational

funds intentionally violates Title IX, and is subject to a private damages action,

where the recipient is "deliberately indifferent" to known acts of teacher-

student discrimination.

24. In Davis v. Monroe County Board of Education, et. al, 526 U.S. 629 (1999) the

Supreme Court held that a complaint may prevail in a private damages action

recognized in in *Gebser* to cases where the harasser is a student, rather than a

teacher.

25. *Davis* held that a complainant may prevail in a private Title IX damages action

against a school district in cases of student-on-student harassment where the

funding recipient is

a) Deliberately indifferent to sexual harassment of which the
recipient has actual knowledge, and

b) The harassment is so severe, pervasive, and objectively offensive
that it can be said to deprive the victims of access to the
educational opportunities or benefits provided by the school.

*Davis*, 526 U.S. at 1669-76

26. The Fourteenth Amendment to the United States Constitution provides in
pertinent part that no State shall "deny to any person within its jurisdiction the
equal protection of the laws."  U.S. Const. amend. XIV, § 1.

27.  The Fourteenth Amendment to the United States Constitution provides in
pertinent part that no state shall "deprive any person of life, liberty, or property,
without **due process** of law." U.S. Const. amend. XIV.

28. The Ponca City School District's Board of Education has also adopted an anti-
harassment policy.  (attached as Exhibit 1.)  That policy defines harassment to
include "repetitive, unwelcome conduct which is based on a person's…sex."  The
policy further states that harassment through any means, including sexual
harassment may be subject to District disciplinary procedures.  Such behavior is
considered harassment whether it takes place on or off school property…if
occurs during a school sponsored event.  The policy stipulates that all reports of
harassment will be investigated by the District Title IX Coordinator, within ten
(10) days.

### IV. COMMON ALLEGATIONS

29. At all material times, the School District was receiving federal funding, as contemplated in Title IX, 20 U.S.C. § 1681, *et seq*.

30. The School District implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

31. The School District is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs.

32. The School District is responsible for the acts and omissions of its employees.

33. At the time of the attack that gave rise to the events complained herein, Plaintiff was a 13 year old at the School District.

34. On or about December 23, 2018 Plaintiff was raped by D.H.

35. At all material times herein Plaintiff's rapist D.H. was a student at West Middle School, in 7th Grade and 15 years old.

36. At all material times herein Plaintiff was a student at West Middle School, in 6th Grade and 13 years old.

37. The rape by D.H. of Plaintiff on December 23, 2018 did not occur either on school property or on a school function.

38. Plaintiff was subjected to full SANE exam and full forensic interview by law enforcement on or about December 24, 2018.

39. At all times Plaintiff knew her rapist and at all times identified him.

40. Plaintiff returned to Ponca City Public Schools at West Middle School on January 8, 2019.

41. Plaintiff believes both Principal and Assistant Principal had been advised of the rape investigation prior to January 8, 2019.

42. Immediately upon arriving at school on January 8, 2019 Plaintiff was approached by numerous students asking why she was spreading rumors that D.H. had raped her.

43. Plaintiff was physically ill and scared.  She pretended she did not know what the people were talking about.

44. Throughout the day students suggested to Plaintiff that she "kill herself" for lying.

45. Plaintiff came home from school inconsolable and Plaintiff's father feared for her safety.

46. On January 9, 2019, Plaintiff's father went to West Middle School and spoke with Assistant Principal Dye.  Assistant Principal Dye advised Plaintiff's father that Dye's husband, Detective Brian Dye with Ponca City Police was handling the criminal investigation.

47. Assistant Principal Dye suggested Plaintiff be home schooled.

48. Plaintiff's father asked for a restraining order and was advised that was not something the school could do.

49. From January 8th to January 11th the daily taunting and harassment of Plaintiff continued.

50. On January 11, 2019, Plaintiff's father again spoke with Assistant Principal Dye and was again advised there were no options to take to protect Plaintiff.

51. Plaintiff was physically approached by her rapist, verbally harassed by her rapist, followed by her rapist, and subjected to taunts and name calling by third parties.

52. Defendant school was advised of all the above encounters by Plaintiff's father.

53. For two days teachers escorted Plaintiff to her classes.  That stopped sua sponte because the teachers decided she could just walk on her own.

54. A physical assault on school grounds by the rapist occurred on approximately January 14, 2019.  At that time, Plaintiff's father again contacted the Assistant Principal and the encounter was seen on video tape.

55. In the physical encounter D.H. grabbed Plaintiff by the hoodie and threatened to kick her a** if he "goes to juvie".

56. In response to the physical assault Defendant School District advised Plaintiff's father they would change her lunch time so she did not have lunch with D.H. They then discovered that Plaintiff and D.H. do not share lunch anyway.

57. Plaintiff has continued to be harassed by D.H. his friends, and random people at school.

58. Plaintiff has never had her requests for protection heard.

59. School District officials never interviewed Plaintiff after the report to the Assistant Principal.

60. Despite their continuing duty to investigate and address the sexual assault and harassment and hostile environment, from that point forward School District officials conducted virtually no investigation.

61. The School Districts Title IX Coordinator knew of the attack but conducted no investigation at all.

62. After the sexual assault on Plaintiff, she was forced to walk the halls with the perpetrator and listen to his threats.

63. Examples of continuing sexual harassment and retaliation directed at Plaintiff by D.H. taunting her, stalking her at the bus, using friends to call Plaintiff a "liar"; threatening Plaintiff.

64. Third parties teased and harassed Plaintiff.

65. Neither Plaintiff nor her father were ever told to report any ongoing issues to administration.

66. Neither Plaintiff nor her father knew there was any recourse for the actions of retaliation and abuse continued by D.H.

67. The District had and continues to have in place Board Policy regarding "Harassment of Students" (See Policy attached as Exhibit 1).

68. As described above, harassment is defined in Board Policy 3.2 – 2.5 as "repetitive, unwelcomed conduct which is based on a person's real or perceived…sex, gender."

69. Among other things, Board Policy 3.2 – 2.5 specified that "Retaliation is any negative conduct which is taken in response to an individual's complaint of harassment."

70. Defendant Title IX Coordinator did not conduct an investigation according to Board Policy; failing to at least take a statement, Plaintiff; failing to provide steps to separate the victim from the harassers, failure to provide any updates to the victim, failure to interview victims and witnesses; failure to ensure safety and failure to provide counseling.

71. As of the date of filing the Defendant Title IX Coordinator has not spoken with Plaintiff or Plaintiff's father; has not offered services; has not advised of Plaintiff's rights; and has been wholly absent from the process.

72. School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, and Defendant Bret Smith made no changes to the educational environment to prevent future problems; in fact, the state actors actually put Plaintiff in the position to be physically assaulted by D.H. at the bus stop and threatened.

73. Each time Plaintiff reported ongoing problems to School District officials, the School District took no remedial measures, despite having notice that Plaintiff continued to experience sex-based harassment in school.

74. School officials refused to provide any investigative findings to Plaintiff's parents, and never notified them of any appellate recourse.

75. Plaintiff suffered sex-based harassment that was severe, pervasive, and objectively offensive.

76. The sex-based harassment deprived Plaintiff of access to the educational opportunities or benefits of the school.

77. School District officials, including Defendant Trenton Murner, Defendant Shelly Arrott, Defendant Jennifer Dye, and Defendant Bret Smith had the authority to take remedial action to correct the sex-based harassment.

78. The School District and its Defendants had actual knowledge of the sex-based harassment.

79. The School District and its Defendants responded with deliberate indifference to the sex-based harassment.

80. Plaintiff became afraid.  She became withdrawn and scared of people and situations.

81. Plaintiff found it difficult to concentrate in the classroom and frequently became tearful.

82. Plaintiff missed out on her right to a school and education academic help due to the school based on District, Principal, Superintendent and Trenton Murner, Shelly Arott, Jennifer Dye and Bret Smith's failure to provide a safe environment because the perpetrator continued to be in school with the Plaintiff.

83. Plaintiff required mental health counseling for depression and anxiety to cope with the stress of attending Ponca City School District.

84. Plaintiff's grades dropped.

85. Plaintiff has stopped socializing on the same level as she did prior to the attack.

86. Plaintiff  has been forced to withdraw from the school due to her fear and inability to feel safe and based on the fact that she experiences daily harassment and retaliation for her reports of sex based discrimination.

87. The School District, School Districts officials, Defendant, Shelly Arrott, Defendant, Jennifer Dye, Defendant Bret Smith, Defendant Trenton Murner's response and its official's conduct was such that future reasonable student's in Plaintiff's circumstances would be chilled from reporting sexual harassment.

88. As a direct and proximate result of the harassing educational environment created by Defendants' deliberately indifferent response to the sexual assault and subsequent harassment, as well as violations of her Fourteenth Amendment rights, Plaintiff has suffered and continue to suffer psychological damage, emotional distress, loss of standing in her community, and damage to her reputation, and her future relationships have been negatively affected, and she has lost her educational opportunity.  Additionally the Plaintiff and her father have lost time from work/school and have incurred actual damages.

89. Plaintiff has required ongoing counseling to address her depression and anxiety caused by Defendants' conduct and the resulting harassing educational environment.

90. Plaintiff has also been deprived of a normal childhood education due to Defendants' conduct and the resulting educational environment.

91. Plaintiff has also been damaged by missed educational opportunities and her future earning capabilities have been damaged by Defendants' conduct and the resulting hostile educational environment.

92. Plaintiff is still waiting as of the date of filing for her investigation.

## COUNT I
## VIOLATION OF TITLE IX
## AS TO DEFEFNDANT
## PONCA CITY SCHOOL DISTRICT I-71

## (20 U.S.C. §1681, ET SEQ.)

### (The School's Deliberate Indifference Alleged Sexual Harassment)

Paragraphs one through ninety two are incorporated by reference as if stated in full herein.

93. The sex-based harassment articulated in the Plaintiff's General Allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

94. The Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

    a) Plaintiff was a member of a protected class;

    b) she was subjected to sexual harassment in the form of a name calling, physical assault, being put in the presence of her rapist, threats;

c)   she was subjected to a harassment based on her sex; and

d)   she was subjected to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment and threats and damage to Plaintiff.

95. Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith had actual knowledge of the sexual assault and the resulting harassment of Plaintiff created by its failure to investigate and discipline Plaintiff's attacker in a timely manner and consistent with its own policy and federal and state law.

96. The Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith failure to promptly and appropriately respond to the alleged sexual harassment, resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

97. The Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

98. The Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

99. The Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection and from seeing to have sexual assaults from being fully investigated.

100.    This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

101.    Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant School District's deliberate indifference to her rights under Title IX.

**COUNT II**
**VIOLATION OF TITLE IX**
**AS TO DEFENDANT**

**PONCA CITY SCHOOL DISTRICT I-71**

**(20 U.S.C. §1681, ET SEQ.)**

**(The School created a Hostile Environment)**

Paragraphs one through one hundred one are incorporated by reference as if stated in full herein.

102.    The sex-based harassment articulated in the Plaintiff's General Allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

103.    The Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

a)    Plaintiff was a member of a protected class;

b)    she was subjected to sexual harassment in the form of a name calling, physical assault, being put in the presence of her rapist, threats;

c)    she was subjected to a harassment based on her sex; and

d)    she was subjected to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment.

104.    Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith had actual knowledge of the sexual assault and the resulting harassment of Plaintiff created by its failure to investigate and discipline

Plaintiff's attacker in a timely manner and consistent with its own policy and federal and state law.

105.     The Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith failure to promptly and appropriately respond to the alleged sexual harassment, resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

106.     Sexual assault allegations give rise to the duty of Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith and its officials to determine if the Plaintiff is in a hostile environment.

107.     The obligation is one separate from the requirement to investigate the actual event.

108.     The Plaintiff is entitled to the Title IX protection against having a hostile environment even if the assault did not occur at school or on school property.

109.     The behavior of the Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith and its officials created an additional hostile environment and worsened an already existing one.

110.     Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant

Bret Smith failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

111.     Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith persisted in its actions and inaction even after it had actual knowledge of harm suffered by Plaintiff.

112.     Plaint has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant School District's deliberate indifference to her rights under Title IX.

113.     The Principal and the other School District officials retaliated against Plaintiff by declining to investigate the matter or to otherwise comply with their responsibilities as mandated by Title IX.

## COUNT III
## VIOLATION OF TITLE IX
## AS TO DEFENDANT

## PONCA CITY SCHOOL DISTRICT I-71

## (20 U.S.C. §1681, ET SEQ.)

## (Retaliation by Withholding Protections Otherwise Conferred by Title IX)

Paragraphs one through one hundred thirteen are hereby incorporated by reference as if set forth in full herein.

114.     Immediately after Plaintiff and father advised the Assistant Principal of

the sexual violent attached, he was advised there were no avenues of protection

for Plaintiff.

115.     The Principal and the other School District officials retaliated against

Plaintiff by declining to investigate the matter or to otherwise comply with their

responsibilities as mandated by Title IX.

116.     Fellow students harassed Plaintiff and called her names.  The perpetrator

assaulted her physically further on school property and threatened her.

Plaintiff's father was never advised of her rights to report this or where to go for

relief for the Plaintiff.

## COUNT IV
## 1983 VIOLATION AS TO

## DEFENDANTS PONCA CITY SCHOOL DISTRICT I-71,

## SHELLY ARROTT, Indiv., JENNIFER DYE, Indiv.,

## TRENTON MURNER, Indiv., AND BRET SMITH, Indiv.

## (42 U.S.C. §1983)


Paragraphs one through one hundred sixteen are hereby incorporated by reference as if

set forth in full herein.

117.     Under the Fourteenth Amendment, Plaintiff had the right as a public

school student to personal security and bodily integrity and Equal Protection of

Laws.

118.     Defendant School District, School District officials, including Defendant

Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant

Bret Smith were all state actors acting under the color of law.

119.     Defendants each subjected Plaintiff to violations of her right to personal

security and bodily integrity and Equal Protection of Laws by:  failing to

investigate off campus misconduct; failing to educate students; failing to

appropriately discipline her assailant; failing to adequately train and supervise

Defendant Trenton Murner, Defendant Jennifer Dye, Defendant Bret Smith, and

Defendant Shelly Arrott; and manifesting deliberate indifference to the sexual

assault and ongoing harassment of Plaintiff by other students.

120.     Defendant School District, School District officials, including Defendant

Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant

Bret Smith has and/or had unconstitutional customs or policies of a) failing to

investigate evidence of criminal and tortious misconduct against School District

students in the nature of violations of their right to personal security and bodily

integrity and b) failing to adequately train and supervise School District

employees with regard to maintaining, preserving and protecting students from

violations of their right to personal security, bodily integrity, and Equal

Protection of the Laws.

121.     On information and belief, the Defendant School District, School District

officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant

Trenton Murner, Defendant Bret Smith has followed these unconstitutional

customs and policies not only with regard to Plaintiff but also with regard to criminal and tortious misconduct committed against other School district students.

122.     The treatment of females and had a disparate impact on female students.

123.     Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith are or were at the time of events complained of within, policymakers for the purpose of implementing the School District's unconstitutional policies or customs.

124.     Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith's deliberate indifference to her rights under the Fourteen Amendment.

## COUNT V
## 1983 VIOLATION AS TO
## DEFENDANTS PONCA CITY SCHOOL DISTRICT I-71,
## SHELLY ARROTT, Indiv., JENNIFER DYE, Indiv.,
## TRENTON MURNER, Indiv., AND BRET SMITH, Indiv.
## (42 U.S.C. §1983)

Paragraphs one through one hundred twenty four are hereby incorporated by reference as if set forth in full herein.

125.    Under the Fourteenth Amendment, Plaintiff had the right as a public
school student to expect she would not be deprived any person of life, liberty or
property without **due process** of laws.

126.    Defendant School District, School District officials, including Defendant
Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant
Bret Smith were all state actors acting under the color of state law.

127.    Defendants each subjected Plaintiff to violations of her right to personal
security and bodily integrity and Due Process by : Acting with Deliberate
Indifference; making decisions that were Arbitrary and Capricious; behaving at
all relevant times in a shocking and heinous manner.  Defendants' did this by
treating public events differently for the purpose of investigation and
punishment than private assault; failing to investigate misconduct; failing to
appropriately discipline; failing to adequately train and supervise Defendant
Trenton Murner, Defendant Jennifer Dye, Defendant Bret Smith, and Defendant
Shelly Arrott; and manifesting deliberate indifference to the sexual assault and
ongoing harassment of Plaintiff by other students and the perpetrator..

128.    Defendant School District, School District officials, including Defendant
Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant
Bret Smith and its officials has and/or had unconstitutional customs or policies of
a) failing to investigate evidence of criminal and tortious misconduct against
School District students in the nature of violations of their right to personal
security and bodily integrity and b) failing to adequately train and supervise

School District employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity and Equal Protection of the Laws.

129.    On information and belief, the Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith has followed these unconstitutional customs and policies not only with regard to Plaintiff but also with regard to criminal and tortious misconduct committed against other School district students.

130.    The treatment of females and had a disparate impact on female students.

131.    Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith are or were at the time of events complained of within, policymakers for the purpose of implementing the School District's unconstitutional policies or customs.

132.    Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith's deliberate indifference to her rights under the Fourteen Amendment.

**COUNT VI**

**MONELL LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE AS TO RESPONSE TO
SEXUAL ASSAULT AS TO DEFENDANTS PONCA CITY SCHOOL DISTRICT I-71,**

**SHELLY ARROTT, Indiv., JENNIFER DYE, Indiv.,**

**TRENTON MURNER, Indiv., AND BRET SMITH, Indiv.**

**(42 U.S.C. §1983)**

Paragraphs one through one hundred thirty two are hereby incorporated by reference
as if set forth in full herein.

133.    Defendant School District, School District officials, including Defendant
Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant
Bret Smith's, were "state actors" working for Ponca City School District, a
federally funded school system.

134.    Defendant School District, School District officials, including Defendant
Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant
Bret Smith's acted under "color of law" when refusing to respond to Plaintiff's
sexual assault and subsequent harassment, threats, and hostile environment at
school.

135.    Defendant School District, School District officials, including Defendant
Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant
Bret Smith failed to preserve Plaintiff's constitutional right to equal protection as
guaranteed by the Fourteenth Amendment.

136.     Under the Due Process and Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

137.     Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith should have known that their response to sexual assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

138.     Defendant School District, School District officials, including Defendant Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith each violated Plaintiff's right to equal access by:

   a)   Failing to take immediate and appropriate actions to investigate or otherwise determine what occurred once informed of possible sexual violence;

   b)   Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;

   c)   Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

   d)   Failing to provide a grievance procedure for students to file complaints of sexual discrimination, including complaints of sexual violence.  The

procedures must include an equal opportunity for both parties to present

witnesses and other evidence and the same appeal rights;

e) Failing to use a preponderance of the evidence standard to resolve

complaints of sex discrimination in grievance procedures; and

f) Failing to notify both parties of the outcome of the complaint.

139.    Defendant School District, School District officials, including Defendant

Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant

Bret Smith  are, or were at the time, of events complained of within,

policymakers for the purpose of implementing the School District's

unconstitutional policies or customs.

140.    Plaintiff has suffered emotional distress and psychological and physical

damage, and her character and standing in her community have suffered from

the harassment fostered as a direct and proximate result of Defendant School

District's deliberate indifference to her rights under the Fourteen Amendment.

141.    Defendant School District, School District officials, including Defendant

Shelly Arrott, Defendant Jennifer Dye, Defendant Trenton Murner, Defendant

Bret Smith violated Plaintiff's Fourteenth Amendment right to equal protection

by failing to properly train and supervise its employees as to these mandated

investigative requirements.

142.    These policies and/or practices constituted disparate treatment of

females and had a disparate impact on female students.

143.     Defendants' actions and lack of actions were the proximate cause of

Plaintiff's physical and emotional distress and psychological damage, and her

character and standing in her community have suffered from the harassment

fostered as a result of Defendant School District's deliberate indifference or her

right to equal protection under the Fourteenth Amendment.


**WHEREFORE,** paragraphs one through one hundred forty three support Plaintiff's

recovery and Plaintiff respectfully requests judgement in her favor and against

Defendant School District, School District officials, including Defendant Shelly Arrott,

Defendant Jennifer Dye, Defendant Trenton Murner, Defendant Bret Smith as follows:

A.  Compensatory damages for Plaintiff's psychological, physical and emotional

distress and damages, loss of standing in her community, damage to her

reputation, and her family's unreimbursed out of pocket expenses incurred in

response to these circumstances;

B.  Punitive damages;

C.  Injunctive relief requiring Defendant School District to take effective steps to

prevent sex-based discrimination and harassment, including sexual assault and

it's aftermath, in its education programs; fully investigate conduct that may

constitute sex-based harassment; appropriately respond to all conduct that may

constitute sex-based harassment and/or sexual assault and it's aftermath; and

mitigate the effects of harassment and/or assault including by eliminating any

hostile environment that may arise from or contribute to it.

D.   Pain and suffering;

E.   Statutory interest;

F.   Costs; and

G.   Reasonable attorney fees.


### JURY DEMAND

Now Comes the Plaintiff, Jane Doe, by and through her attorney, Paige Lee, Lee Law Office and demands a trial by jury.

Lee Law Office/Paige Lee


s/*Paige Lee.*
Counsel for Plaintiff Jane Doe
204 E. Grand/P.O. Box 1776
Ponca City, Oklahoma  74602
580/762/5553